# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DARRYL W. TUCKER,

                              :

          Petitioner,                      Case No. 3:09-cv-271

                              :         District Judge Walter Herbert Rice
   -vs-                                 Magistrate Judge Michael R. Merz

ROBIN KNAB, Warden,
 Chillicothe Correctional Institution,

                              :

          Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court for initial review under Rule 4 of the Rules

Governing § 2254 Cases. Petitioner was convicted by a jury in the Montgomery County Common

Pleas Court on one count of aggravated burglary in violation of Ohio Revised Code § 2911.12(A)(1)

and sentenced to a term of three years confinement in Respondent's custody. He appealed to the

Montgomery County Court of Appeals claiming his conviction was against the manifest weight of

the evidence and that he had suffered ineffective assistance of trial counsel. That court, however,

affirmed the conviction. *State v. Tucker*, 2008 Ohio 4931, 2008 Ohio App. LEXIS 4125 (Ohio App.

2nd Dist. Sept. 26, 2008). Petitioner did not file a timely appeal to the Ohio Supreme Court and his

motion for delayed appeal was denied. *State v. Tucker,* 121 Ohio St. 3d 1498, 907 N. E. 2d 322

(2009)

In this Court, Petitioner pleads three grounds for relief.

> **Ground One:** Conviction was against the manifest weight of the evidence.
>
> **Supporting Facts:** Petitioner incorporates by reference the arguments made on direct appeal.
>
> **Ground Two:** Ineffective assistance of trial counsel.
>
> **Supporting Facts:** Petitioner incorporates by reference the arguments made on direct appeal and in addition claims his attorney failed to submit a "Police Spot Interview" and a further "Police Interview" to the jury.
>
> **Ground Three:** Ineffective assistance of appellate counsel.
>
> **Supporting Facts:** Appellate counsel was ineffective for failure to submit to the Court of Appeals the same documents referenced in Ground Two.

(Petition and "Annexure,"Doc. No. 2.)


## Ground One


In Ground One, Petitioner asserts his conviction is against the manifest weight of the evidence. This claim should be dismissed with prejudice because it does not state a claim for relief in habeas corpus and because it is procedurally defaulted for failure to present it to the Ohio Supreme Court.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). A claim that a conviction is against the manifest weight

of the evidence is a claim under Ohio law; no provision of the United States Constitution forbids a conviction against the manifest weight of the evidence.

In *State v. Thompkins,* 78 Ohio St. 3d 380, 678 N.E. 2d 541 (1997)*,* the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review for manifest weight. It held:

> In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs

heavily against the conviction.").

78 Ohio St. 3d at 387.  In *State v. Martin*, 20 Ohio App. 3d 172, 485 N.E. 2d 717 (Hamilton Cty. 1983)(cited approvingly by the Supreme Court in *Thompkins*), Judge Black contrasted the manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader.  The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

485 N.E. 2d at 718, ¶3 of the syllabus.  The consequences of the distinction are important for a criminal defendant.  The State may retry a case reversed on the manifest weight of the evidence; retrial of a conviction reversed for insufficiency of the evidence is barred by the Double Jeopardy Clause.  *Tibbs v. Florida*, 457 U.S. 31, 102 S. Ct. 2211, 72 L. Ed. 2d 652 (1982).  There is no doubt that the Ohio Court of Appeals considered this as a manifest weight of the evidence case and rejected it on that basis.

This is not a situation where Petitioner could have pled that there was insufficient evidence to convict and thereby have obtained relief.  A state court finding that the verdict is not against the manifest weight of the evidence may implicitly also hold that there is sufficient evidence. *Nash v. Eberlin,* 258 Fed. Appx. 761; 2007 U.S. App. LEXIS 29645; (6th Cir. Dec. 14, 2007).  The recitation of facts in the Court of Appeals opinion shows plainly that there was sufficient evidence to convict.

The first Ground for Relief is also procedurally defaulted:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *see also Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

Petitioner admits that he did not timely file a notice of appeal from the decision of the Ohio Court of Appeals to the Ohio Supreme Court and that he has no legal excuse for failing to do so. The 45-day time limit on appeal to Ohio Supreme Court is an adequate and independent state

ground.  *Bonilla v. Hurley,* 370 F.3d 494 (6th Cir. 2004).


## Ground Two


In Ground Two, Petitioner asserts he received ineffective assistance of trial counsel in that his trial attorney failed to submit two documents to the jury.

Petitioner claims that he raised this argument on direct appeal.  Actually, he claimed his attorney was ineffective for failing to argue the affirmative defense of self-defense.  State v. Tucker, supra, at *6.  The present claim was never made in the state courts.

Because the two police reports were not admitted in evidence, they were not part of the record on direct appeal and Petitioner could not have raised this claim of ineffective assistance of trial counsel on that appeal.  Instead, since it relies on material outside the record, he would have had to bring it before the Ohio courts by a petition for post-conviction relief under Ohio Revised Code § 2953.21.  However, he did not do so and the time within which he could have filed such a petition has expired.  Ohio's insistence that extra-record claims of ineffective assistance of trial counsel be presented by petition for post-conviction relief and that such petition be filed within a definite time after the appellate record is complete are both adequate and independent state grounds of decision.  Petitioner's second Ground for Relief is barred by his procedural default in presenting it to the Ohio courts.

In addition, this Ground for Relief is without merit.  The two documents which Petitioner argues should have been submitted to the jury are police reports and the contents insofar as Petitioner wishes they had been considered by the jury, are hearsay.  While defense counsel could

certainly cross-examine witnesses based on what the reports said their prior statements had been, in order to show inconsistencies, the reports themselves would not have been admissible under Ohio law. It is not ineffective assistance to fail to move for the admission of a document which is inadmissible.

Ground Two for Relief should be dismissed with prejudice as both procedurally defaulted and without merit.


## Ground Three


In Ground Three, Petitioner asserts his appellate counsel was ineffective for not effectively arguing the manifest weight claim, for not submitting the two police reports, and for not arguing the self-defense affirmative defense. This Ground for Relief should be dismissed as procedurally defaulted or denied on the merits.

Petitioner admits that he has never presented this claim to the state courts and his time do so by way of a motion for reopening is long since past. His only argument against procedural default is that the process of applying for delayed reopening of direct appeal under Ohio R. App. P. 26(B) is futile and ineffective. These are merely conclusory statements – Petitioner offers no proof that the remedy would be unavailing in his case or that it is regularly a futile gesture in the Second District Court of Appeals.

Moreover, this is a weak claim on the merits. Appellate counsel would not have been able to introduce in the Court of Appeals exhibits that had not been introduced in the trial court. He did argue ineffective assistance of trial counsel for failure to argue self-defense. Given the attention of

the Court of Appeals to the facts, it is highly unlikely that the manifest weight argument could have been made in a way which was more persuasive.

### Conclusion

Petitioner's Grounds for Relief fail to state a federal claim, are barred by procedural default, and/or are without merit. The Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with these conclusions, Petitioner should be denied any requested certificate of appealability and leave to appeal *in forma pauperis*.

July 20, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

R:\Documents\Tucker Habeas Rule 4 R&R.wpd